IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COHEN, SEGLIAS, GREENHALL, PALLAS, & FURMAN, P.C. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 10-6183 |
| | : | |
| v. | : | |
| | : | |
| HESSERT CONSTRUCTION – PA, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**Baylson, J.**                                                                                                         **June 21, 2012**

**MEMORANDUM RE CROSS MOTIONS FOR SUMMARY JUDGMENT**

The Plaintiff in this case, Cohen, Seglias, Greenhall, Pallas, & Furman, P.C. ("Plaintiff"), is a law firm and the principal defendant, Hessert Construction - NJ, LLC, is a construction firm which, along with co-defendants Hessert Construction-PA, LLC, Hessert Corporation, and William Hessert (collectively, "Hessert" or "Defendants"), was Plaintiff's client for a period of time. This case mainly concerns two matters in which Plaintiff represented Hessert. The parties refer to one of the matters as the Lutheran Home litigation and the other as the Morgan Village project.

A review of the factual background to this case is contained in the Court's Memorandum on Motion to Dismiss (ECF No. 8). In sum, Plaintiff's Complaint seeks as damages legal fees, for services rendered, which Hessert has refused to pay. Defendants then filed an amended counterclaim for damages which were allegedly caused by Plaintiff's malpractice (ECF No. 13).

There have been extensive discovery proceedings and the Court has issued a number of rulings which are reflected on the docket. After discovery was completed, Plaintiff and Defendants filed cross motions for summary judgment (ECF Nos. 73 and 67).

Plaintiff's motion for summary judgment (ECF No. 73) seeks judgment as to all of Defendants' amended counterclaims. Plaintiff argues that its representation of Hessert in both

matters, Lutheran Home and Morgan Village, was consistent with its professional responsibilities and expertise and that there are no factual disputes that would allow the jury to conclude that Plaintiff failed to fulfill its professional obligations.

Although there does not seem to be a dispute that Hessert terminated Plaintiff as its counsel, Plaintiff asserts that the termination was based on Hessert's dissatisfaction with the way the Plaintiff was pursuing the case, and the assignment of attorneys to handle the matters.[1]

Defendants' memorandum in response to Plaintiff's motion for summary judgment as to Defendants' counterclaims (ECF No. 78) asserts that Hessert is not liable for the fees because of the errors and omissions by Plaintiff in its legal services to the Plaintiff, and also that there are factual issues which preclude summary judgment for the Plaintiff.

Plaintiff has filed a reply memorandum in further support of its motion for summary judgment (ECF No. 80) asserting that Hessert has abandoned its claims for consequential damages, and now contends only that it is entitled to disgorgement of legal fees. Plaintiff contends that Hessert has no evidence that it has been injured by the alleged malpractice asserted in the Morgan Village project or the conflict of interest asserted in the Lutheran Home matter.

Plaintiff's reply brief also asserts that there is no evidence to support Hessert's claim that it has been injured as a result of the malpractice or by the alleged conflict. Alternatively, Plaintiff argues that the Court should use its discretion to enter an order limiting Hessert's claim for damages on the counterclaims to the question of disgorgement, and dismissing any claim for lost profits or other consequential damages relating to the Lutheran Home or Morgan Village matters. Counsel agree that New Jersey law applies to the Hessert counterclaims.

---

[1] After Plaintiff was terminated as counsel, Hessert retained the law firm of Duane, Morris. The undersigned advises counsel that he was a partner in the Duane, Morris law firm for many years. Duane, Morris still represents the undersigned for estate planning and tax preparation matters, for which the undersigned pays a fee.

2

Plaintiff has filed a lengthy expert report by Daniel A. Estiss, Esquire, a New Jersey lawyer. Defendants have submitted an expert report by Stuart M. Lederman. However, neither expert report presents facts supported by an affidavit or declaration as required by Rule 56(c)(4), and these reports are therefore not entitled to any consideration.

Defendants' motion for partial summary judgment (ECF No. 67) seeks a judgment that Hessert does not owe Plaintiff any legal fees, and also, partial summary judgment as to one aspect of Defendants' counterclaim, for damages for breach of fiduciary duty.

Plaintiff and Defendants both implicitly concede that there are certain factual issues in the case which must be resolved by trial.

Although Plaintiff did follow this Court's procedures requiring a party seeking summary judgment to state separately each fact asserted to be undisputed, with a record citation, Hessert failed to respond to each paragraph, with record citations documenting asserted factual disputes preventing summary judgment, and did not file its own statement of undisputed facts in the appropriate format.

Pursuant to Rule 56(e), the Court could consider Plaintiff's statement of facts undisputed for purposes of the motion. In this case, the Court has difficulty in applying this principle because Plaintiff's motion clearly does not seek a ruling that Plaintiff was not negligent. Rather, as noted in footnote 2 on page 1, Plaintiff is willing to assume "for purposes of this motion only" that Hessert can establish negligence, but Plaintiff asserts that the Hessert counterclaims must fail because Hessert is unable to show that Plaintiff's actions were the proximate cause of any alleged damages. In its response, pages 6-7, Hessert clearly asserts facts that the Plaintiff's negligence did cause it certain damages, including losing the award of the construction project and incurring substantial unnecessary legal fees. These claims are supported by various attachments to the Hessert

memorandum.  For this reason, the Court will not consider Plaintiff's factual assertions as undisputed.

After reviewing the voluminous briefs and exhibits including a number of deposition transcripts, documents and other factual materials, the Court makes these conclusions:

1. There are substantial issues of fact relating to both liability and damages as to Plaintiff's claims against Defendants and Defendants' counterclaims against Plaintiff.

2. A number of these issues relate to the propriety of the types of damages that are sought, as well as the alleged amount of damages, which are not topics for summary judgment.

3. Expert testimony in this case may be important in determining claims relating to allegations of attorney malpractice.

4. The Court believes that a jury can be impaneled and a jury trial completed in less time than it would take the Court, and a law clerk, to review the voluminous factual materials and prepare a lengthy opinion summarizing all of the factual materials submitted, what is or is not in dispute, and the law, and that a trial would be required on some or all issues, even after this review.

The Court will deny summary judgment for both parties.  The matter can be handled more efficiently through a trial process.

An appropriate Order follows.

O:\CIVIL 10\10-6183 Cohen Seglias v. Hessert\memo.crossmotion.revised.6.21.12.wpd